**In re 18TH AVENUE DEVELOPMENT CORP., Debtor.**

**William D. SEIDLE, Trustee, Plaintiff,**

**v.**

**Richard VANdeGRIFT and Meris Vande-Grift, his Wife, Defendants.**

**Bankruptcy No. 79–01230–SMW.**

**Adv. No. 81–0304–BKC–SMW–A.**

United States Bankruptcy Court, S. D. Florida.

March 23, 1982.

Martin L. Sandler, Miami, Fla., for plaintiff.

Leonard Pertnoy, Miami, Fla., for defendant.

## ORDER GRANTING DEFENDANTS' MOTION FOR A DIRECTED VERDICT

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS MATTER came before the Court on trial on this Adversary Proceeding, and after the close of Plaintiff's case and upon consideration and review of the legal arguments presented by the Defendants, the evidence presented by the witnesses, the affidavits, admissions, depositions, and answers to interrogatories filed in this Adversary Proceeding, and in consideration of the legal authority cited to this Court, the Court concludes that the Plaintiff has failed factually to make out a prima facie case under 11 U.S.C. Sect. 548(a)(2)(A) and (B)(i), and has failed to demonstrate the necessary elements required to make out a prima facie case under 11 U.S.C. Sect. 547.

The Court specifically finds from the evidence presented at trial that reasonable equivalent value was paid by the Defendants to the Debtor/Corporation for the property and that there did not exist any intent to hinder or defraud any creditor at the time of the transfer of the property. At the time the contract of purchase and sale was entered into, the price of the property was the same as similar prices paid for similar structures being sold by the Debtor/Corporation. At the time of the transfer, the price on similar homes had accelerated on other homes of a similar size and that the closing of the property transferred occurred in the ordinary course of the Debtor's business.

Additionally, the evidence failed to demonstrate that on May 4th, 1979, the Debtor/Corporation, 18th Avenue Development Corp., was insolvent pursuant to the meaning as set forth in 11 U.S.C. Sect. 101(26) and the evidence failed to demonstrate that the Defendants possessed any knowledge to reasonably believe that at the time of the transfer, the Debtor/Corporation was insolvent. Further, it appears that at the time of the transfer, the credit given by the Debtor/Corporation to the Defendants for work performed by the Defendants was not entirely in satisfaction of an antecedent debt, but rather, included future services that were in fact subsequently rendered by the Defendant, Meris B. VandeGrift. Further, it appears that additional value was provided the Debtor/Corporation by the Defendants in assuming the liabilities existing on the property and by further paying additional monies to the Debtor/Corporation at the time of the transfer.

Based on the foregoing conclusions, it is,

ORDERED that:

1. Defendants' Motion for Directed Verdict is granted and Judgment is entered in favor of the Defendants and the Plaintiff shall take nothing by its Complaint. The Court hereby reserves ruling for purposes of taxing costs and fees.